Gilmore, J.
The parties to this action resided at Cincinnati, and had been partners in a cotton speculation in 1863. In the court below it was claimed by Heilman that Reis had violated the partnership agreement, by entering into a new partnership relation, without his knowledge or consent, with Aaron Hirsch, at Memphis, Tennessee, to trade in cotton, to whom he intrusted the partnership funds, and who absconded, and thereby the funds were lost. To recover *184 back his share of the funds thus lost, Heilman brought this action against Reis.
The defenses were: 1. A general denial; 2. That Heilman, with a full knowledge of all the facts relating to the transaction with Hirsch, had ratified the same, and received from Reis one thousand dollars in full satisfaction and settlement of all matters relating to the affairs of the partnership.
On the trial of the case to a jury, Heilman was sworn •and examined as a witness, and while on the stand was •shown the paper quoted below, and asked if he knew the signatures to it. He answered that, “ The signatures, as well as the body of the instrument, were in the handwriting of Julius Reis, with the exception of the signature of A. Hirsch, and that Julius Reis gave him the paper, stating :at the same time, that it was the paper he received from Hirsch, at the time he paid over the ten thousand dollars.” The paper reads as follows :
“ Memphis, Tenn., November 7, 1868.
“ This is to certify, that we, the undersigned, have this day made the following agreement: Aaron Hirsch on the first part, and Heilman, Reis & 33ro. on the second part; both parties have this day entered into a copartnership to purchase cotton, for which purpose Heilman and Reis Bros, have to invest ten thousand dollars, and Aaron Hirsch five thousand dollars, the profits of the above to be divided in four equal parts, to wit: Aaron Hirsch, M. Heilman, Julius Reis, and Samuel Reis.
“ Hellman & Reis Bros, [seal.]
“ A. Hirsch.” [seal.]
The plaintiff then offered the paper in evidence. The •defendant objected to its admission, on the ground that it was not stamped as required by the laws of Congress in force at its date. The objection was overruled and the paper admitted, to which Reis excepted. The ruling of the court, in admitting the paper in evidence, is assigned for error, and is the point to which the argument of counsel on both sides is principally directed.
*185 This paper is not the foundation of the action on the trial of which it was offered in evidence. The testimony shows that it had been voluntarily handed to Heilman by Reis, as an explanation, to the extent that it went, of the circumstances under which he had transferred the partnership funds to Hirsch.
Heilman was, in no respect whatever, bound or affected by the instrument in any legal or equitable aspect. In his hands, it was simply a written admission by Reis, of the facts that it contained. These facts were pertinent to the issue, and therefore properly allowed to go to the jury as the admissions of Reis. If he had made a verbal statement of the same facts contained in the writing, to the plaintiff below, or a third person, such statements could have been proved by the person to whom they were made as his admissions. Eor the same, if not more satisfactory reasons, they wmre his admissions when he had reduced the facts stated to writing, and delivered the statement to Heilman. In this view of the ease, none of the authorities cited are in point.
Exceptions were also saved to the introduction of a letter from Reis to Heilman, dated July 8, 1867. It seems to have been irrelevant. But we can not see how it could possibly have prejudiced Reis. Heilman’s reply, of July 5, 1867, was also admitted. The plaintiff in error argues as though exceptions had been saved to its admission, which the record does not show to be the fact.
The other errors assigned are all embraced in the fifth assignment, viz : “ That the court erred in overruling the motion for a new trial.”
We have carefully read the evidence and charge of the court, as set out in the record. The testimony material to the issues was conflicting. The corroborating evidence for the parties respectively, is hot material, and threw but little, if any light on the real issues in the case. The charge of the court was fair, stating the issues in such a way that they must have been understood, and leaving the jury to apply the testimony and find in accordance with it. The *186 jury seems to have found that Reis formed the new relation with Hirsch, at Memphis, without the knowledge of Hellman, and intrusted the partnership funds to Hirsch, who ran .away with them. If so, it amounted in law to a conversion to his own use, of the funds thus intrusted to Hirsch. They must also have found that Heilman never ratified the acts of Reis in this respect. We can not say that the verdict on these issues is manifestly against the weight of evidence, or that the verdict for Heilman should have been set aside.
We find no error either in admitting the evidence objected to, or in overruling the mo.tion for a new trial.

Judgment affirmed.

MoIlvaine, C.J., Welch, White, and Res., JJ., concurred.